UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ALCY JOSEPH, JR.                       DOCKET NO. 10-CV-1476; SEC. P
LA. DOC. #207031

VERSUS                                    JUDGE DEE D. DRELL

RICHARD SPINNER                   MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Alcy Joseph, Jr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 in the Middle District of Louisiana. The case was transferred to this district, where it remained deficient until November 18, 2010, on which date Plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff filed an amended complaint on December 2, 2010.

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), and he is presently incarcerated at the LaSalle Correctional Center in Olla, Louisiana. However, his complaint involves allegations that he was denied of constitutional rights while housed at the Rivers Correctional Center in Ferriday, Louisiana.

Plaintiff seeks compensatory damages of $80,000 for "mental anguish, defamation, and constitutional violations." He also asks that he be transferred to another prison. Plaintiff names as defendants Warden Richard Spinner, Assistant Warden Pat Smith,

Captain Arthur Gross, and Mail Officer Donna Chaplain.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that two books were sent to him at Rivers Correctional Center on an unspecified date. He alleges that the books were about philosophy and religion, and had been approved at a previous jail. He did not get the books approved at Rivers Correctional, however. Upon arrival, the books were returned because the Captain did not approve the books. Plaintiff alleges that he filed a grievance that was never addressed by the warden.

Plaintiff claims that Pat Smith also violated his constitutional right of access to the court by refusing to notarize Plaintiff's "legal work", which he claims was criminal charges that he was going to bring against the defendants.

### *Law and Analysis*

**A. First Amendment**

Plaintiff complains that his First Amendment right was violated because two books about philosophy and religion were returned to sender[1] by the defendants. Plaintiff argues that the books had been approved by another prison, so he should have been allowed to receive the books at his new prison. He seeks

---

[1] Plaintiff has not stated who sent the books to him.

2

compensatory damages for defamation of character, mental anguish, and cruel and unusual punishment as a result of the denial of books.

The Supreme Court has stated that a prisoner retains "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Still, **42 U.S.C. §1997e(e)** provides that **compensatory damages for mental or emotional injuries are non-recoverable, absent physical injury.** Section 1997e applies to all federal civil actions in which a prisoner alleges a constitutional violation. Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). In this case, as in Geiger, the plaintiff has not alleged a physical injury, only emotional injury. Thus, Plaintiff's First Amendment complaint falls squarely under §1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation.

B.  **Access to Court**

Plaintiff complains that his right to access the courts was violated because Pat Smith refused to notarize Plaintiff's "legal work", which he claims included criminal charges that he was going to bring against the defendants. First, the right of access to the courts does not encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court. See

3

Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996). In this case, Plaintiff did not need to have his complaint notarized in order to file same with the court. Plaintiff cannot demonstrate that his position as a litigant was *actually prejudiced*, which is required to state a claim for denial of access. See Lewis v. Casey, 518 U.S. 343, 356 (1996); Eason, 73 F.3d at 1328. Plaintiff's efforts to pursue the claims raised herein were not hindered by Pat Smith refusing to notarize Plaintiff's signature. See Lewis, 518 U.S. at 351.

To the extent that Plaintiff claims that Pat Smith's refusal to notarize his signature prevented him from bringing criminal charges against the defendants, his claim still fails. There is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir.1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

C. Grievance

Plaintiff complains that he filed a grievance about the return of his philosophy and religious books, but the grievance was never addressed. Plaintiff does not have a federally protected liberty interest in having his grievance(s) addressed and resolved to his satisfaction. See Geiger, 404 F.3d at 374.

D. **Transfer**

Plaintiff seeks a transfer to another facility. Plaintiff has no federal constitutional right to be housed in any particular facility or to be transferred from one prison facility to another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). Additionally, Louisiana law expressly provides: "[A]ny individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." La.Rev.Stat.Ann. §15:824(A). State law further expressly provides that, when necessary, state prisoners may be confined in parish jails. La.Rev.Stat.Ann. §15:824(B)(1)(a).

A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact. See Denton v. Hernandez, 504 U.S. 25, 31-32 (1992); Harper

5

v. Showers, 174 F.3d 716, 718 & n. 3 (5th Cir. 1999); see also 28 U.S.C. § 1915(e)(2)(B)(i)(allowing dismissal of IFP complaint if frivolous). Also, 28 U.S.C.A. §1915A provides that, when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief[2].

*Conclusion*

Plaintiff's complaint lacks an arguable basis in law or fact. Additionally, Plaintiff has failed to meet the physical injury requirements of 42 U.S.C. §1997e(e). Thus, it is **RECOMMENDED** that Plaintiff's complaint be **DENIED and DISMISSED with prejudice pursuant to** §1915(e)(2)(B)(i) and 1997e(e).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within**

---

[2]The screening provision of 28 U.S.C. § 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis. Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir.1998).

fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ____ day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE